# In the United States Court of Federal Claims

No. 22-1430C
(Filed: October 19, 2022)

|  |  |
|---|---|
| **JAMES CROMITIE**, | ) ) ) |
| *Plaintiff,* | ) ) ) |
| v. | ) ) ) |
| **UNITED STATES**, | ) ) ) |
| *Defendant.* | ) ) |

*James Cromitie*, White Deer, PA, *pro se*.

*Stephen J. Smith*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, for the defendant.

### ORDER OF DISMISSAL

***BONILLA, Judge.***

      On September 30, 2022, plaintiff *pro se* James Cromitie–a prisoner at the Allenwood Federal Correctional Institution, located in White Deer, Pennsylvania– filed this action seeking relief pursuant to 28 U.S.C. §§ 1495 and 2513, claiming he was "unjustly convicted of [an] offense against the United States and imprisoned." *See* ECF No. 1. Accompanying his complaint, Mr. Cromitie filed a request to proceed *in forma pauperis*, seeking to litigate this case without paying $402 in filing fees (i.e., $350 filing fee plus a $52 administration fee). *See* ECF No. 2. Having reviewed Mr. Comitie's application, the Court grants plaintiff's motion to proceed *in forma pauperis* for the limited purpose of considering his claim on the merits.[1]

---

[1] Mr. Cromitie previously filed an unrelated civil action in the United States District Court for the District of Columbia, citing the Freedom of Information Act (FOIA), 5 U.S.C. § 552. In that case, the district court similarly granted Mr. Cromitie's motion to proceed *in forma pauperis* for the limited purpose of reviewing and dismissing his complaint for failure to state a claim upon which relief can be granted. *See Cromitie v. Trump*, No. 19-cv-2868, 2019 WL 6034952 (D.D.C. Nov. 13, 2019).

On October 18, 2010, a federal petit jury sitting in the Southern District of New York found Mr. Cromitie guilty on all eight counts of a federal terrorism indictment alleging he: conspired and attempted to destroy a synagogue and a Jewish community center located in the Riverdale section of the Bronx, New York, using what he believed to be improvised explosive devices; and conspired to destroy military aircraft housed at the New York Air National Guard Base at Stewart Airport in Newburgh, New York, with what he thought was a surface-to-air missile. *See United States v. Cromitie*, No. 09-cr-558, 2011 WL 1842219, at *1 (S.D.N.Y. May 10, 2011). On May 10, 2011, the presiding judge upheld the jury's verdict and denied Mr. Cromitie's post-trial motions for a judgment of acquittal and a new trial under Rules 29(c)(2) and 33, respectively, of the Federal Rules of Criminal Procedure. *See Cromitie*, 2011 WL 1842219, at *4–9. The United States Court of Appeals for the Second Circuit affirmed Mr. Cromitie's conviction and sentence on August 22, 2013. *See United States v. Cromitie*, 727 F.3d 194 (2d Cir. 2013). The Supreme Court of the United States denied Mr. Cromitie's petition for a writ of certiorari. *See Cromitie v. United States*, 574 U.S. 829 (2014).

Thereafter, on April 7, 2017, the district judge who presided over Mr. Cromitie's criminal trial and sentencing denied his motion to vacate and set aside his conviction and sentence under 28 U.S.C. § 2255. *See Cromitie v. United States*, Nos. 15-cv-8046 & 09-cr-558, 2017 WL 1383982 (S.D.N.Y. Apr. 7, 2017). Mr. Cromitie's petition for a writ of habeas corpus filed in the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 2241 was similarly denied on August 14, 2020. *See Cromitie v. Howard*, No. 20-cv-991, 2020 WL 4734977 (M.D. Pa. Aug. 14, 2020). The decision of the Middle District of Pennsylvania was summarily affirmed by the United States Court of Appeals for the Third Circuit. *See Cromitie v. Att'y Gen. U.S.*, 835 F. App'x 654 (3d Cir. 2021) (table) (*per curiam*). Notwithstanding the conclusiveness of his conviction and sentence, Mr. Cromitie filed this action in this Court seeking declaratory and monetary relief alleging his conviction was unjust.

By statute, this Court has "jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." 28 U.S.C. § 1495. Entitlement to relief under § 1495, however, is dependent upon a meritorious allegation and proof that

> (1) [the claimant's] conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and

>  (2) [the claimant] did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.

28 U.S.C. § 2513.  At a minimum, a claimant must allege that a judgment establishing his innocence has been issued.[2]  Mr. Cromitie has failed to do so, and the above-cited cases evidence the contrary.  Accordingly, this Court must dismiss Mr. Cromitie's complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Rules of the Court of Federal Claims.  *See, e.g.*, *Kam-Alamaz v. United States*, 682 F.3d 1364, 1367 (Fed. Cir. 2012) ("To avoid dismissal for failure to state a claim under RCFC 12(b)(6), 'a complaint must allege facts "plausibly suggesting (not merely consistent with)" a showing of entitlement to relief.'") (citations omitted); *see also* 28 U.S.C. § 1915A(b)(1) (requiring immediate dismissal of prisoner's cause of action upon a determination that the complaint fails to state a claim upon which relief may be granted).

For the reasons set forth above,

(1) Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF No. 2) is **GRANTED**;

(2) Plaintiff's Complaint (ECF No. 1) is **DISMISSED**;

(3) The Clerk is directed to enter **JUDGMENT** in favor of the defendant; and

(4) The Court **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith.

It is so **ORDERED**.

Armando O. Bonilla
Judge

---

[2] Mr. Cromitie's reliance upon *Bolduc v. United States*, 72 Fed. Cl. 187 (Fed. Cl. 2006), *aff'd*, 248 F. App'x 162 (Fed. Cir. 2007) (table), is misplaced.  *Bolduc* simply holds that the claimant's declaration of innocence by a court of competent jurisdiction (or a pardon based upon innocence)—rather than the subsequent issuance of a formal certificate further documenting the declaration of innocence—starts the running of the statute of limitations clock.  Indeed, *Bolduc* reiterates the statutory requirement that a claimant seeking relief under § 1495 must allege and prove "that his conviction was set aside on the ground that he was not guilty."  72 Fed. Cl. at 193.